NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2782
_____


DERRICK CRAMER,
                    Appellant

v.

* SECRETARY PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; DISTRICT ATTORNEY FOR YORK COUNTY
PENNSYLVANIA; ATTORNEY GENERAL FOR THE STATE OF
PENNSYLVANIA

* (Pursuant to Rule 43(c), Fed. R. App. P.)


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-00496)
District Judge:  Hon. Yvette Kane


_____


Argued November 8, 2010

Before:  McKEE, *Chief Judge*, SLOVITER and COWEN, *Circuit Judges*

(Opinion filed: April 21, 2011)

Kenneth M. Weidaw, III, Esq. (Argued)
3901 Washington Road
Suite 201
McMurray, PA 15317
    *Counsel for Appellant*

Clarence N. Patterson, Esq.
Jeffrey Forrest Boyles, Esq.
James Edward Zamotowicz, Esq. (Argued)
Office of the District Attorney of York County
45 North George Street
York County Judicial Center
York, PA 17401

Robert M. Wolff, Esq.
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050

    *Counsel for Appellees*

_____

OPINION

_____

SLOVITER, *Circuit Judge*.

Appellant Derrick Cramer appeals the District Court's order dismissing his petition for a writ of habeas corpus directed to the Secretary of the Pennsylvania Department of Corrections,[1] the District Attorney of York County, and the Pennsylvania Attorney General (collectively "State"), under 28 U.S.C. § 2254 as time-barred. The timeliness of Cramer's petition is the only issue before this court.

I.

Cramer, a Pennsylvania state prisoner, was convicted of first-degree murder in a Pennsylvania state court on May 9, 2003 and sentenced to life in prison. The

---

[1] The Secretary was substituted for the original defendant, the Superintendent of SCI-Huntingdon.

Pennsylvania Superior Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal on August 12, 2004.

On February 8, 2005, Cramer filed his first petition for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), which was denied on June 13, 2005.[2] Cramer appealed to the Pennsylvania Superior Court on June 23, 2005 and, on March 29, 2006, the Superior Court affirmed.[3] On August 30, 2006, Cramer filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on December 15, 2006.[4]

On March 16, 2007, Cramer filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The District Court raised the statute of limitations issue *sua sponte* and directed the parties to address whether the petition was timely under 28 U.S.C. § 2244(d)(1). The State argued that the petition was untimely because it was not

---

[2] This court is troubled by the inaccuracies in the State's brief with respect to key facts. For example, the State's brief incorrectly states that Cramer's PCRA petition was filed on May 20, 2005, when in fact it was filed on February 8, 2005, and that the first post-conviction petition was denied on May 15, 2006, when in fact it was denied on March 29, 2006. Moreover, the State misplaces reliance on the untimeliness of Cramer's second PCRA petition filed on February 16, 2007. Because the second petition is not relevant to our determination of the timeliness of the present habeas petition, it will not be discussed.

[3] Apparently due to court error, Cramer's attorney did not receive notice of the denial until May 30, 2006, after the time for filing an appeal to the Pennsylvania Supreme Court had run. Cramer's attorney filed a petition for leave to file a petition for allowance of appeal outside of the thirty-day period or *nunc pro tunc*. Leave was granted and Cramer had until August 30, 2006 to file.

[4] The docket indicates that the petition was denied on December 17, 2006, but this appears to be the date when the Court of Common Pleas received notice of the Pennsylvania Supreme Court's decision. Whether it was denied on the 15th or 17th does not change the outcome in this case.

filed within one year of the date when the judgment became final. Cramer responded that the petition was timely because the statute was tolled during the pendency of his state post-conviction petition, that is, from February 8, 2005 until December 15, 2006.

On May 21, 2007, the District Court denied the habeas petition as untimely. The District Court concluded that the statute of limitations ran from November 11, 2004, the date when Cramer had to file a petition for a writ of certiorari to the United States Supreme Court, until February 8, 2005, the date when Cramer filed for post-conviction relief, or approximately eighty-eight days. The District Court found that the statute was tolled from February 8, 2005 until March 29, 2006, the date on which the Superior Court denied Cramer's request for post-conviction relief. Because Cramer's August 30, 2006 petition for allowance of appeal was not filed within thirty days of the denial, the District Court found that the statute began to run again on March 29, at which point Cramer had approximately 277 days remaining or until early January 2007 to submit a timely habeas petition. In other words, Cramer filed his § 2254 petition about two-and-a-half months late.

Cramer appealed the District Court order dismissing his petition and filed an application for a certificate of appealability with this court to which he attached exhibits. The application included a copy of an order from the Pennsylvania Supreme Court, dated July 31, 2006, granting him leave to file his petition for allowance of appeal *nunc pro tunc* within thirty days of the order. It appears that the District Court was unaware that an extension had been granted.

4

Accordingly, this court, by order dated January 11, 2008, granted Cramer's request for a certificate of appealability and ordered the State to "show cause, in writing, why the District Court's order . . . dismissing [Cramer's] habeas corpus petition as untimely, should not be summarily vacated, and appellant's petition remanded for consideration of any procedural or substantive issues other than the issue of timeliness." App. at 42-43.  Because the State disputed the timeliness of the petition, we appointed counsel and scheduled briefing.

## II.

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253.  Our review of the District Court's order denying Cramer's habeas petition as time-barred is plenary. *Douglas v. Horn*, 359 F.3d 257, 259 (3d Cir. 2004).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to an application for writ of habeas corpus, which begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Because Cramer did not file his habeas petition until March 16, 2007, after AEDPA's one-year grace period ended, his petition can only be deemed timely if he was entitled to statutory or equitable tolling of the limitations period.[5]

---

[5] Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  Moreover, equitable tolling of AEDPA's limitations period is available where petitioner shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

Cramer argues that the record supports statutory tolling because his post-conviction filings with the state court were "properly filed" in light of the Pennsylvania Supreme Court's order granting Cramer leave to file a petition for allowance of appeal *nunc pro tunc*. However, because the Pennsylvania Supreme Court denied Cramer's *nunc pro tunc* petition without discussion, this court must presume it did so on timeliness grounds. *See Caswell v. Ryan*, 953 F.2d 853, 858 (3d Cir. 1992) ("[W]hen a *nunc pro tunc* allocatur petition is perfunctorily denied without discussion, when its untimeliness is apparent, and when sufficient facts to override the general disallowance of extended times for appeal are absent in the petition, the denial of allocatur can be presumed to be based on a procedural default caused by its untimeliness.") (quotation omitted). Cramer has not alleged facts sufficient to overcome the application of this presumption. As a result, Cramer's *nunc pro tunc* petition for allowance of appeal was not "properly filed" and the clock began to run on March 29, 2006, rendering his habeas petition, as calculated by the District Court above, about two-and-a-half months late. *See supra* text at 3-4.

Cramer may, however, be entitled to equitable tolling if he diligently pursued his rights (here, seeking leave to file *nunc pro tunc*) and extraordinary circumstances (here, court error) prevented timely filing. Because these determinations involve a factual inquiry, the proper course is to remand to the District Court to consider in the first instance whether Cramer is entitled to equitable tolling.

III.

For the foregoing reasons, we will vacate the order dismissing Cramer's habeas petition as time-barred, and we will remand to the District Court to consider whether Cramer is entitled to equitable tolling.